UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

_____

Terry Nelson and Clark Anderson as Trustees of the Painters and Allied Trades District Council No. 82 Health Care Fund, Terry Nelson and Bill Sullivan as Trustees of the Minneapolis Local 386 Drywall Finishing Industry Pension Fund n/k/a as the Painters and Allied Trades DC 82 Defined Contribution Pension Plan, Terry Nelson and Mark Rislund as Trustees of the Painters and Allied Trades District Council 82 STAR Fund, the Painters and Allied Trades District Council No. 82 Health Care Fund, the Minneapolis Local 386 Drywall Finishing Industry Pension Fund n/k/a as the Painters and Allied Trades DC 82 Defined Contribution Pension Plan and the Painters and Allied Trades District Council 82 STAR Fund,

      Plaintiffs,
vs.

Todd Signs, LLC and Elliott Todd Johnson d/b/a Todd Signs,

      Defendants

_____

Civil File No.: _____

**COMPLAINT**

Plaintiffs, for their Complaint against the Defendants, state and allege as follows:

**IDENTITY OF PARTIES, JURISDICTION, VENUE**

1. Plaintiffs are Trustees and fiduciaries of the Painters and Allied Trades District Council No. 82 Health Care Fund, the Minneapolis Local 386 Drywall Finishing Industry Pension Fund n/k/a as the Painters and Allied Trades DC 82 Defined

Contribution Pension Plan and the Painters and Allied Trades District Council 82 STAR Fund ("Funds").

2.  The Funds are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to § 302(c)(5) of the Labor Relations Management Act of 1974 ("LMRA"), as amended, 29 U.S.C § 186(c)(5).  The Funds are exempt from federal income taxation pursuant to the Internal Revenue Code.

3.  The Funds, with the exception of the Painters and Allied Trades District Council 82 STAR Fund, are administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended 29 U.S.C. § 1001, *et seq*.

4.  Defendant Todd Signs, LLC was a Minnesota limited liability corporation with a registered address of 5147 Miller Trunk Highway, Hermantown, Minnesota 55811. On February 28, 2017, Todd Signs was administratively dissolved by the Minnesota Secretary of State.  Todd Signs, LLC is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

5.  Defendant Elliot Todd Johnson ("Johnson") is an individual and former Manager of Todd Signs LLC.  Upon information and belief, Johnson continued to conduct business under the name Todd Signs after Todd Signs LLC was administrative dissolved. Johnson is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

6.  This is an action by the Funds' Trustees and/or fiduciaries to collect unpaid fringe benefit contribution payments.  Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by

ERISA § 502, 29 U.S.C. § 1132 and ERISA § 515, 29 U.S.C. § 1145. Subject matter jurisdiction is also conferred by LMRA § 301, 29 U.S.C. § 185 and the federal common law developed thereunder.

7. The Funds are administered in Hennepin County, Minnesota, therefore, venue is proper in this court pursuant to ERISA § 502, 29 U.S.C. § 1132.

## FACTS

8. The Funds re-allege and incorporate by reference paragraphs 1-7 herein.

9. Since at least August 30, 2012, Todd Signs, LLC and Johnson has been bound to the terms of a series of collective bargaining agreements negotiated between Todd Signs, LLC and the Painters and Allied Trades Local Union #106/District Council 82 with terms of August 1, 2012 through July 31, 2015 ("2012 CBA") and January 1, 2016 through December 31, 2018 ("2016 CBA") (collectively referred to as "CBAs").

10. Todd Signs, LLC and Johnson are bound to the CBAs through at least December 31, 2018.

11. The CBAs require Todd Signs, LLC and Johnson to submit contributions on a monthly basis on behalf of their employees working in classifications covered by the CBAs to the Painters and Allied Trades District Council No. 82 Health Care Fund ("Health Fund") in an amount specified in the CBAs.

12. The CBAs provide that Todd Signs, LLC and Johnson are bound to the Declaration of Trust for the Health Fund and all amendments thereto as though they had actually signed the same.

13. In addition to health and welfare contributions, the 2016 CBA also requires Todd Signs, LLC and Johnson to submit contributions on a monthly basis on behalf of

their employees working in classifications covered by the 2016 CBA to the Minneapolis Local 386 Drywall Finishing Industry Pension Fund n/k/a as the Painters and Allied Trades DC 82 Defined Contribution Pension Plan ("Pension Plan") and the Painters and Allied Trades District Council 82 STAR Fund ("STAR Fund") in amounts specified in the CBAs.

14. The CBAs provide that Todd Signs, LLC and Johnson are bound to the Declaration of Trust for the Pension Fund and STAR Fund and all amendments thereto as though they had actually signed the same.

15. The CBAs and the Trust Agreements for the Health Fund and Pension Fund provide that the Trustees of the Funds may at any time conduct an audit in accordance with provisions set forth in the Trust Agreements.

16. The CBAs provide that in the event a dispute arises as to whether an Todd Signs, LLC and Johnson have made the payments required by these CBAs and Trust Agreements, the Board of Trustees for the Funds shall have the right at any reasonable time to have a representative check the payroll, Social Security, withholding, unemployment, and Workers' Compensation payment records, 1099s and 941s and any other records deemed necessary, of Todd Signs, LLC and Johnson to determine the are in compliance with the terms and conditions of the CBAs.

17. Independent of the CBAs, 29 U.S.C. § 1059 requires employers such as Todd Signs, LLC and Johnson to maintain and preserve contemporaneously accurate documentation showing what employees performed what CBA-covered work on what projects for what hours on what given date.

18. If Todd Signs, LLC and Johnson fail to maintain satisfactory records from which the type of work being performed by an individual may reasonably be determined, Todd Signs, LLC and Johnson are liable for all of the hours worked by that individual for whom Todd Signs, LLC and Johnson are unable to produce satisfactory records verifying the type of work being performed by that individual.

19. The Trust Agreements for the Health Fund and the Pension Fund require Todd Signs, LLC and Johnson to pay interest on any untimely submitted contributions.

20. The Trust Agreements for the Health Fund and the Pension Fund require Todd Signs, LLC and Johnson to pay liquidated damages on any untimely summitted contributions.

21. The Trust Agreements for the Health Fund and the Pension Fund require Todd Signs, LLC and Johnson to pay all reasonable attorneys' fees and costs incurred by the Trustees in collecting unpaid contributions.

## COUNT I
## BREACH OF CONTRACT/AUDIT AMOUNT DUE

22. The Funds re-allege and incorporate by reference paragraphs 1-21 herein.

23. The Funds' authorized agent requested that Todd Signs, LLC and Johnson produce a complete set of payroll and employment records as specified in the CBAs and Trust Agreements for the period of September 1, 2015 through December 30, 2016.

24. Todd Signs, LLC and Johnson produced their payroll and employment records for the Audit Period and the Funds' authorized agent determined there were hours worked by Todd Signs, LLC and Johnson's employees covered by the CBAs for which Todd Signs, LLC and Johnson did not submit the required contributions to the Funds.

25. The Funds' authorized agent prepared an audit invoice setting forth the amounts due to the Funds for unpaid contributions for the Audit Period and determined that $12,114.18 is due and owing for delinquent contributions.

26. Todd Signs, LLC and Johnson breached the terms of the CBAs and Trust Agreements by failing to pay the amount due for delinquent contributions for the Audit Period.

27. Todd Signs, LLC and Johnson are liable to the Funds for the CBA-obligated fringe benefit amounts for all hours worked by all of their employees for whom Todd Signs, LLC and Johnson is unable to produce satisfactory records verifying the type of work performed by any such individuals.

28. Pursuant to the CBAs and Trust Agreements, Todd Signs, LLC and Johnson are liable to the Funds for all reasonable attorneys' fees and costs incurred in this litigation.

29. Todd Signs, LLC and Johnson are liable to the Funds for liquidated damages on the unpaid contributions pursuant to the CBAs and Trust Agreements.

30. Todd Signs, LLC and Johnson are liable to the Funds for interest charges on the unpaid contributions pursuant to the CBAs and Trust Agreements.

## COUNT III
## ERISA DAMAGES

31. The Funds re-allege and incorporate by reference paragraphs 1-30 herein.

32. The Funds are entitled to liquidated damages or double interest charges on any amounts found to be due and owing under ERISA § 502(g), 29 U.S.C. § 1132(g).

33. The Funds are entitled to attorneys' fees and costs incurred in this action under ERISA § 502, 29 U.S.C. § 1132.

34.     The Funds are entitled to interest under ERISA § 502, 29 U.S.C. § 1132.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment, joint and several, of this Court against Defendants Todd Signs, LLC and Elliott Todd Johnson d/b/a Todd Signs as follows:

1.    For judgment in the amount of $12,114.18 for unpaid contributions for the Audit Period.

2.    For an award of liquidated damages and interest charges or double interest charges on all unpaid contributions.

3.    For an award of costs, disbursements and attorneys' fees according to law.

4.    Such other and future relief as the Court deems just, equitable or proper.

Date:  January 31, 2018

MCGRANN SHEA CARNIVAL
STRAUGHN & LAMB, CHARTERED


By:     s/ Amy L. Court
         Carl S. Wosmek (Atty. No. 300731)
         Amy L. Court (Atty. No. 319004)
         Christy E. Lawrie (Atty. No. 388832)
        800 Nicollet Mall, Suite 2600
        Minneapolis, MN 55402
        Telephone: (612) 338-2525
        csw@mcgrannshea.com
        alc@mcgrannshea.com
        cel@mcgrannshea.com

*Attorney for Plaintiffs*

1072063.DOCX